PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2241 (Rev. 10/10)
ADOPTED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS



PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

| | |
|---|---|
| Heon Yoo | FMC Ft.Worth |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |
| | 27731-078 |
| vs. | **PRISONER ID NUMBER** |
| | **4-21CV-411-0** |
| Warden Eric Wilson | |
| **RESPONDENT** | **CASE NUMBER** |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except that ONE separate additional page is permitted in answering question 10.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show

1

that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only one sentence, conviction, disciplinary proceeding, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petition(s).

6.      Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.

7.      It is your responsibility to immediately notify the court in writing of any change of address. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**PLEASE COMPLETE THE FOLLOWING:** (check the appropriate number)
This petition concerns:

1. ___  ___  pretrial detention;
2. ___  ___  a conviction;
3. ___  ___  a sentence;
4. xx  ___  jail or prison conditions;
5. xx  ___  a prison disciplinary proceeding;
6. ___  ___  parole or mandatory supervision;
7. ___  ___  time credits;
8. ___  ___  other (specify): _____

     **Have you pursued to completion all relevant state and/or prison administrative remedies relevant to your complaint(s) before filing this petition.** (Yes)  No  **If yes, what was the date of the result and the result of any such proceeding. If no, explain why you have not pursued all such remedies.**

I filed BP-11 on 2020 0702, never received a reply. Also documents lost due to frequent relocation and staff indifference, negligence, or/and malice

2

1.    Place of detention: Federal Medical Center,Ft.Worth,Tx 76119

2.    State the offense with which you have been charged and whether you have been convicted of the charged offense(s) or whether you are still awaiting trial:

3.    Name and location of court in which your case is pending or in which you were convicted:

4.    The criminal docket or case number and the offense(s) for which you have been charged or convicted:

5.    If you have been convicted of the charged offense(s), the date upon which sentence was imposed and the length of the sentence:

6.    Check whether a finding of guilty was made:

    a.    after a plea of guilty    _    _

    b.    after a plea of not guilty    _    _

    c.    after a plea of nolo contendere    _    _

7.    If you were found guilty, check whether that finding was made by:

    a.    a jury    _    _

    b.    a judge without a jury    _    _

8.    Did you appeal from the judgment of conviction or the imposition of sentence?

        Yes    No

9.    If you did appeal, give the following information for each appeal:

a. (1) Name of court and docket or case number:

_____

_____

(2) Result and date of result:_____

(3) Grounds raised (list each):

(a) _____

_____

(b) _____

_____

(c) _____

_____

(d) _____

_____

b. (1) Name of court and docket or case number:

_____

_____

(2) Result and date of result:_____

(3) Grounds raised (list each):

(a) _____

_____

(b) _____

_____

(c) _____

_____

(d) _____

_____

10.  State concisely every ground on which you claim that you are held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page only behind page 6.

**CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions, in support of your grounds. Do not argue or cite law. Just state the specific facts that support your claim. Legal arguments and citation to cases or law should be presented in a separate memorandum.**

a. **GROUND ONE:** Failure to protect this inmate from violence at the hands of other inmates

Supporting facts: Due to overcrowding, under staffing, no cameras or contant surveillance by staff inmates are at greater risk or harm as in this instant case-Petitioner was viciously attacked by another inmate on 2-26-20, while awaiting my turn for a computer this inmate was viciously assaulted because of his Korean disent and his political views, Israel steadily picked on harassed and taunted Petitioner numerous times before-See memorandum

b. **GROUND TWO:** Procedural Due Process Violation

Supporting facts: The time limitation had expired two days before this inmate recieved an incident report 5 days after the fact the record will demonstrate Government knew about the events that transpired on the day in question and did nothing

this is a Wolff violation.

c. **GROUND THREE**: Due Process violation due to LIBERTY
INTERESTS IN GOODTIME

Supporting facts:   As clearly stated in memorandum of law this
institution failed to provide adequate procedural due
process requirements.See memorandum of law...

d. **GROUND FOUR**:   Right to Self Defense

Supporting facts:   Because the BOP failed to adequately protect me
or take reasonable steps or measure to abate such risks  they
in turn put my life in jeopardy.See Memorandum of law

6

11. Relief sought in this petition: ___I expect the return of goodtime 27 days

and this incident be expunged and investigated to prevent

future incidents such as this for all inmates

12. Have you filed a previous application or petition for habeas corpus or any other application, petition or motion with respect to the grounds raised in this petition?

Yes          (No)

13. If your answer to Question No. 12 is yes, give the following information as to each previous application, petition, or motion:

a. (1) Name of court and docket or case number: _____

_____

(2) Result and date of result: _____

(3) Grounds raised (list each):

(a) _____

_____

(b) _____

_____

(c) _____

_____

(d) _____

_____

b. (1) Name of court and docket or case number: _____

_____

(2) Result and date of result: _____

(3) Grounds raised (list each):

(a) _____

_____

(b) _____

_____

(c) _____

_____

(d) _____

_____

14.   If applicable, state whether you have filed a motion under 28 U.S.C. § 2255, and if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

_____N/A_____

_____

_____

_____

_____

_____

_____

15.   Are you presently represented by counsel?    Yes      (No)
If so, name, address and telephone number of attorney:_____

_____

16.   If you are seeking leave to proceed *in forma pauperis*, have you completed an application setting forth required information?    Yes    (No)

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on 03/04/ 2021 _____ (month, day, year).

Executed (signed) on 2021 0303 _____ (date).

_____

Signature of Petitioner (required)

Petitioner's current address:

FMC FTW #27731

PO BOX 15330

FTW, TX 76119

_____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT.WORTH DIVISION

| | | |
|---|---|---|
| Heon Yoo | § | |
|     Petitioner | | |
| | § | |
| vs. | § | case no._____ |
| | § | |
| Warden Eric Wilson | | |
|     Respondent | § | |

---

### MEMORANDUM IN SUPPORT OF HABEAS CORPUS 28 USC § 2241 and 18 USC § 1651 THE ALL WRITS ACT

---

COMES NOW,Petitioner, Heon Yoo, Pro Se who files this Memo-randum of Law in support of his Writ of Habeas Corpus 28 USC § 2241 as follows:

### I. PRO SE STANDARD

This Petitioner declares he is a Pro Se litigant that he is not well versed in the law or court proceedures.

Petitioner requests that this Court construe his pleadings Liberally and that he not be held to the same strict standards of those of an attorney pursuant to the doctrine set forth by the Supreme Court in Haines v. Kerner ,404 US 519,82 S.ct 594 (1972) " We have a duty to liberally construe assertions to discern whether jurisdiction to consider Petitioner's petition can be found on any legal justifiable basis."See Gunn v. Newsome,881 F.2d 949,(11thcir 1989);Kelog v. Ruck,893 F.2d 189(11thcir 1992) the court held that: "Courts should not erect unnecessary procedural barriers unless the court is willing to guide pro se litigants or allow them to skip some of the lessor substantive obstacles."

1

## II. FAILURE TO PROTECT

This administration's lack of attention to the safety of
inmates they take a duty to protect under 18 USC § 4042,this
failure violates this Federal statute, because due to the overcrowded
prison at FMC Ft.worth and under staffing,lack of cameras or
their failure to protrol regulary puts inmates such as myself at
serious risk of harm. This incidence was due to Deliberate
Indifference to the safety of inmates by staff's failure to take
rasonable steps to abate such actions. I was attacked based on my
race, because I am korean, because I am different, I was harassed
by inmate Israel because he does not like inmates of my race, he
attacked me unprovoked with no staff in sight until I had to protect
myself because he kept assaulting ▓▓▓▓▓ me and coming at me.
" The eighth Amendment affords prisoners protection against injury
at the hands of other inmates."See Johnson v. Lucas,786 F.2d 1254
1259(5thcir 1986), this court have been deterred inf cameras were
in place to keep focus on inmates with violent back grounds or if
guards steadily walked around but instead most c/o spend 98% of the
time playing on the computer in their offices instead of making
actual rounds as required.

Instead of protecting inmates such as myself prison officials
instead sanction me for not allowing another inmate to beat me
unconscious. Therefore I am Incarcerated under conditions of
confinement that pose a substantial risk of serious harm and staff
is deliberate indiffrent becase they are aware of such risk but
fail to take measures to abate it in the future, and are deliberate
indifferent to my need of protection.See Jones v. Greninger ,188 F.3d
322,326 (5thcir 1999)

2

The Fifth Circuit stated that the deliberate indifference standard [is] the proper standard to apply in the context of convicted prisoners claims of denial of medical care or as in this instant case, the failure to protect."Grabowski v. Jackson County Public Defenders office,47 F.3d 1386,1396 (5thcir 1995).

"[T]reatment a prisoner recieves in prison and the conditions underwhich he is confined are subject to scrutiny under the 8th Amendment." See Adames v. Perez,331 F.3d 508,512(5thcir 2003). "Jails,Prison official's have a [Constitutional] duty...to protect inmates from violence at the hands of other prisoners."See Farmer v Brennan,511 US 825 (1994);Horton v. Cockrell,70 F.3d 397(5thcir1995).

It is clearly obvious the BOP,i.e FMC Ft.Worth not only failed their obligation under the 8th Amendment but also 18 USC § 4042.


### III.PROCEDURAL DUE PROCESS VIOLATION

Prison officials have 24 hours up to 3 days after an act or ommission has occurred to give that inmate an incident report, but but prison officials failed to timely give inmates incident report, pursuant to 28 CFR § 541,11 staff has a maximum of 3 buisness days from the time their aware to give incident report, their not given in insurmountable time limit because they so chosse to or because their lazy.

If the time served is beyond the 3 days it clearly violates policy and the policy in this case thats violated is 28 CFR § 541.11.

In the context of " due process" it is important to note that long before the requirements of procedural due process were imposed on prison disciplinary proceedings,it was recognized that such proceedings must atleast afford substantive due process, in that they must be fair.See Wilwording v. Swenson,502 F.2d 844 (8th cir 1974):Hardwick v. Doolittle,558 F.2d 292(5thcir 1977);Potts v. Zant,638 F.2d 727 (5thcir 1981).

3

The complete disregard for minimum procedural Due Process by this Administration violates this Petitioner's due process rights and protections, because the Supreme Court made it clear in Wolff v. McDonald,418 US 539(1972) and Morrisey v. Brewer, 408 US 471 (1972),that the due process clause imposes certain minimal procedural requirements.

This Administration failed in these minimal procedural requirements such as:

(1) A timely written notice of infraction 28 CFR § 541.11 clearly requires BOP officials to give an inmate a written copy in a maximum of 3 day not the 3 months this Administration took.

(2) 28 CFR § 541.17(g) requires DHO packet be delivered a maximum of 10 days after the DHO hearing so inmate can file a timely appeal before losing benefits,but this administration regular concept of timely is whenever they feel like it 2 weeks,2months ect. Clearly affecting Petitioner's right to be heard under the First Amendment. "The very nature of Due Process negates any concept of inflexible procedures universally applicable to every imaginable situation." See Cafeteria Workers v. McElroy,367 US 886 (1961).

The procedure for procedural due process put in place by both the Supreme Court and Congress so actions such as these by the BOP will not occur so the BOP does not violates substantial Constitutional protections and this warrants reversal by granting this Writ of Habeas Corpus.

4

Consideration of what procedures due process may require
under any given set of circumstances must begin with a
determination of the precise nature of the governments function
involved as well as private interests that have been affected.See
Wolff v. Mcdonnell,418 US 539,94 S.ct 2963 (1974)


IV. LIBERTY INTEREST

This Petitioner has a Liberty Interest in Goodtime taken
it is protected by the Due Process Clause, as stated by the Supreme
court in Haines v. Kerner,404 US 519 (1974);Wilwording v. Swensen
404 US 249 (1971);Screws v. United States,325 US 91 (1945) which
stated:" Prisoners may not be deprived Life,Libert or property
without due process of law."

Sandlin v. Conner,515 US 472,115 S.ct 2293(1995) stated: "that
Liberty Interest protected by due process clause are limited to
freedom of restraints which...imposes a typical and singificant
hardship on the inmate in relation to the ordinary incidents of
prison life." In this instant case Petitioner has been imposed a
typical and significant hardship for ordinary incidents of prison
life because of the fact he was forced to defend himself due to
the BOP's failure to protect under 18 USC § 4042 he has lost  27
days of goodtime, the mere fact he is forced to live in prison
for another 27 days because of the actions of another inmate is
clearly a typical and significant hardship.

These conditions also violate my 8th Amendment rights to be
free from cruel and unsual punishment

5

these conditions pose a substantial risk of serious harm to my health and safety.See Farmer v. Brennan,511 US 825,114 S.ct 1970 (1984).

Moreover, in commenting on Sandlin,the Fifth Circuit noted that Liberty Interests which are protected by the Due Process Clause are generally limited to actions [as in this case] that affects the time served by a prisoner.See Madison v. Parker,104 F.3d 765,767(5thcir 1997)(citing Sandlin v. Conner,515 US 472 (1995).

Prisoners charged with Institutional rules violation are entitled to rights under due process clause, when disciplinary action results in a sanction that will Infringe upon Constitutionally protected liberty interests.See Sandlin v. Conner 515 US 472,115 S.ct 2293(1995)

Liberty Interest protected by the 14th,5th amendments may arise from two sources of due process clause itself and laws thereof. See Meachum v. Fano,427 US 245,96 S.ct 2532(1976).

The Supreme Court stated:"We think a person's Liberty interests is equally protected by the due process clause,it is a statutory creation of the state of federal government.The touch stone of due process is protection against these actions.See Dent v. W.Virgina,129 US 114,9 S.ct 231 (1899).

This Institution has failed in these requirements as clearly stated and goodtime forfeited should be returned on these merits alone.

6

# V. SELF DEFENSE

On February 26th 2020, while I was patiently waiting for a computer in the Dallas unit, I was first harassed by an inmate, Israel, Kamau. Then, Israel stated "We don't allow faggots and Koreans in this room." and abruptly attacked me by shoving me. He continued to shove me, so I felt I was in an imminent danger of bodily harm or worse so I struck back. It ended when other inmates pulled us apart. This incident went completely unnoticed by the staff until later that day other inmates emailed staff. As clearly stated in attached BP 10 the Supreme Court clearly defines a fundamental right to self defense for self preservation. See McDonald v. Chicago, 561 US 742 (2010); DC v. Heller 534 US 570 (2008)

"[A]n honest belief in the necessity to defend oneself against imminent danger, peril to life or bodily injury" Middletown v. McNeal, 541 US 433 124 S.Ct 1830 (2004)

Fundamental self defense is a basic right recognized by many legal systems from ancient times to the present. DC v. Heller, 554 US 570, 128 S.Ct 2783 (2008) the self defense is a central component of Constitutional rights.

Therefore due to the lack of protection by the BOP I was force to contain bodily injury by self defense and should not be punished for the BOP's failure of duty.

CONCLUSION

The Constitution of the United States Guarantees a person the Right to "Life,Liberty and ~~the pursuit of happiness~~," *Property* and it is at the root of this absolute right to redress an issue in the form of the Writ of Habeas Corpus in a court's jurisdiction." See Title 28 USC § 2241.

In §"2241" the Court or Judge shall proceed in a summary way to determine the facts of the case,by hearing the Testimony and arguments,there upon dispose of the party as the law and " Justice "so require it."Clisby v. Jones,960 F.2d 925 (11thcir 1992).

In Pelock v. Pelock,485 US 624,108 S.ct 1423,99 L.ed 2d 721(1988),the Supreme Court made clear that what matters is the "Subtance of the proceeding and the character of the relief,"and Habeas Corpus requires Full consideration ...of Constitutional claims."Stone v. Powell,428 US 465(1967).

Petitioner prays this Honorable Court will take all the facts into consideration before making its determination.

WHEREFORE,Petitioner prays this Honorable Court will Grant this Writ in the Interest of Justice.

DATE: 2021 0303

Respectfully Submitted

Heon Yoo 27781-078
FMC Ft.Worth P.O.Box 15330
Ft.worth Tx 76119

8

CERTIFICATE OF SERVICE

I, Heon Yoo, hereby certify that the foregoing is True, Correct,Complete and not misleading and a true copy of such has been sent to all Interested parties,via U.S.Postal Service,First class mail,postage pre-paid.[28 USC § 1746]

DATE: 20210304

_____
Jeon Yoo

9

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

| Institution: | FMC Fort Worth | Incident Report Number: | | 3380655 |
|---|---|---|---|---|
| NAME OF INMATE: | YOO, Heon | REG. NO.: 27731-078 | UNIT: | Dallas Unit |
| Date of Incident Report: | 03/20/2020 | Offense Code: 201 | | |
| Date of Incident: | 02/26/2020 | | | |
| Summary of Charges: | Fighting with Another Person | | | |

**I. NOTICE OF CHARGE(S):**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)  03/20/2020  at (time)  5:24 p.m.

(by staff member)  J. Stegall, Lieutenant

B. The DHO Hearing was held on (date)  04/09/2020  at (time)  8:32 a.m.

C. The inmate was advised of the rights before the DHO by (staff member):  D. Jeter, Case Manager  on (date)  03/24/2020

and a copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE:**

A. Inmate waived right to staff representative:  Yes  X  No

B. Inmate requested staff representative and  N/A  appeared.

C. Statement of staff representative:  N/A

D. Requested staff representative declined or could not appear but the inmate was advised of option to postpone hearing to obtain another staff representative with the results that:

(New staff representative name)  N/A  was selected.

E. Staff representative  N/A  was appointed.

**III. PRESENTATION OF EVIDENCE:**

A. Inmate (admits)  (denies)  X  (neither)  the charge(s).

B. Summary of Inmate Statement:

During the DHO hearing, inmate Yoo denied the charge and stated, "Not guilty.  I was in self-defense.  I can't prove it because there were no cameras."

C. Witnesses:

1. The inmate waived right to witnesses.  Yes  X  No

2. The following persons were called as witness at the hearing and appeared (Each witness name and statement listed below):

N/A

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

N/A

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):

N/A

D. Documentary Evidence:  In addition to the Incident Report and Investigation, the DHO considered the following documents:

Inmate Investigative Report, dated March 20, 2020
Staff memorandums, dated February 26, 2020
Five photo sheets, dated February 26, 2020
Clinical encounter injury assessments pertaining to inmates Yoo and Israel, dated February 26, 2020

E. Confidential information was used by the DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV. FINDINGS OF THE DHO:

| | |
|---|---|
| X | A. The act was committed as charged. |
| | B. The following act(s) was/were committed. |
| | C. No prohibited act was committed: Expunged according to Inmate Discipline PS. |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observation, written documents, etc.):

Your due process rights were reviewed with you by the DHO at the time of the hearing.  You stated you understood your rights and had no documentary evidence to present.  You did not request any witnesses and you initially requested a staff representative; however, at the hearing, you declined the services of a staff representative at the DHO hearing.  You acknowledged this by signing the Inmate Waiver memorandum.  You indicated to the DHO you were ready to proceed with the hearing.

The DHO finds on February 26, 2020, you committed the prohibited act of Fighting with Another Person.

The reporting officer states in the incident report, "On March 20, 2020, 8:30 a.m., an SIS investigation was concluded and it was determined a physical altercation occurred between inmates Israel, Kamau, Reg. No. 48851-177 and Yoo, Heon, Reg. No 27731-078. Specifically, on February 26, 2020, at approximately 2:10 p.m., psychology staff reported inmate Yoo, Heon, Reg. No. 27731-078 had injuries consistent with an altercation. Psychology reported inmate Yoo was discovered with a black eye and injuries consistent with a physical altercation. During the investigative process, inmate Yoo was interviewed and stated he was involved in a fight with inmate Israel in the common area by the computers of Dallas Unit. Yoo stated Israel doesn't like him because he said "Hail Trump" one day and Israel doesn't agree with his political views. Yoo stated about five days ago (specific date unknown) Yoo was on the computer when Israel attacked him. Yoo stated Israel told him we don 't allow Asians in here and he (Israel) struck Yoo in the face with a closed fist. Yoo admitted he engaged in the physical altercation by striking Israel in the throat. During the investigation process, multiple notes, Bureau of Prison Forms, and outgoing mail letters were discovered in outgoing mail stating Israel may have been involved in a physical altercation and he may have been agitated due to his medication. On March 6, 2020, at approximately 8:45 a.m., inmate Israel was interviewed and admitted he may have been involved in a physical altercation on the unit, but was unable to provide any additional details. Israel stated his medication sometimes gets him in fights at times and it's possible he was involved in a fight with Yoo. On February 26, 2020, inmate Israel was medically assessed by Registered Nurse L. Pierre. Medical records identified Israel reported no injuries. On February 26, 2020, inmate Yoo was medically assessed by Registered Nurse G. Nova. Medical records identified Yoo had ecchymosis to his left eye and an injury to his lip. Inmate Yoo denied any pain or blurred vision."

The DHO relied on an Inmate Investigative Report, dated March 20, 2020, a staff memorandums, dated February 26, 2020, five photo sheets, dated February 26, 2020, and clinical encounter injury assessments pertaining to inmates Yoo and Israel, dated February 26, 2020.

During the DHO hearing, you denied the charge and stated, "Not guilty.  I was in self-defense.  I can't prove it because there were no cameras."  The DHO considered your denial statement to the charge.

After deliberation, the DHO concluded that inmate Yoo committed the prohibited act of fighting with another person.  The decision to find inmate Yoo guilty was based on the written account of the incident and the evidence submitted.  Although you denied the charge, you stated during the SIS investigation that you struck inmate Israel in his neck.  You claim it was self-defense; however, striking an inmate meets the elements of a fight.  Whenever another person tries to overpower someone through violence and the violence is reciprocated, it is considered fighting.  At no time are inmates allowed to engage in any type of physical contact (i.e., wrestling, fighting, boxing, etc.) with inmates or staff.  This type of behavior is a clear violation of Bureau of Prisons rules, is perceived as being disruptive, abusive, and is clearly not acceptable.  Should further conduct of this nature continue, it will once again lead to disciplinary action.

Therefore, based on the greater weight of the evidence, the DHO does find inmate Yoo committed the prohibited act of fighting with another person and he was appropriately sanctioned at the high severity level.

VI. SANCTIONS OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

Act 201
Disallowance of Good Conduct Time: 27 days
Disciplinary Segregation: 15 days
Loss of Privileges: Commissary – 60 days
                    Phone – 60 days

VII. REASON FOR SANCTION OR ACTION TAKEN:

The sanction against Good Conduct Time was used to comply with the mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

Behavior of this nature is considered disruptive to the safety, security, and orderly operation of the institution. The inmate was sanctioned to disciplinary segregation to ensure the safety of all inmates and staff within the institution.

Loss of privileges was imposed to correct the present inappropriate behavior and deter the inmate and others from future behavior of this type.

Prescribed by P5270

VIII. APPEAL RIGHTS:  _X_  The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

| IX.  Disciplinary Hearing Officer: | | |
|---|---|---|
| Printed Name:<br><br>D. DeSanto, Discipline Hearing Officer | Signature: | Date:<br><br>04/17/2020 |
| Delivered to inmate by:<br><br>D , DeSanto, Dito | Signature: | Date & Time:<br><br>4/23/20   8.05 Am |

```
HEON JONG YOO, 27731-078
FORT WORTH ADMINISTRATIVE FMC     UNT: DAL MED     QTR: F05-135L
3150 HORTON ROAD
FORT WORTH,  TX 76119
```



RECEIVED

JUL 0 1 2020

FMC FORT WORTH
WARDEN'S OFFICE

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: YOO, HEON, J        27731-078    DALLAS    FMC FT WORTH
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A—REASON FOR APPEAL** Appealing DHO's judgement finding me guilty.

Incident Report 3380055, Requesting all penalties and sanctions to be lifted, especially phone restriction

The incident report is clear that I was in self defense.

① Self defense is a fundamental constitutional right. McDonald v. Chicago 561 US 742 (2010)

　　　　　　　　　　　　　　　DC v. Heller 554 US 570 (2008)

② Since self defense is a fundamental right, it applies everywhere, including prisons. Also, I have to have a prior notice that even self defense is a prohibited conduct, if disciplinary sanctions against me were to have any grounds. Wolfel v. Morris 972 F. 2d at 712, 717 (1992, CA6)

Even if then, the Supreme Court ruled that it is a fundamental right, thus I have right to defend myself. "Fighting" implies mutual combat upon agreement and that is not the case here.

③ There are no cameras in the unit. Therefore no reliable evidence available. However, Israel did not deny assaulting me.

It should have been 224-assault against Israel and I should have been listed as a victim.

　2020/04/30　　　　　　　　　　　　　　　　　/s/
　　DATE　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

MAY 0 4 2020

BUREAU OF PRISONS
LEGAL DEPARTMENT, SCRO

_____　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　CASE NUMBER: 1019130-R1

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____　_____　_____
USP LVN　　　DATE　　Previous editions not usable　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: MAY 13, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : HEON JONG YOO, 27731-078
      FORT WORTH ADMINISTRATIVE FMC    UNT: DAL MED    QTR: Z01-114UAD

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 1019130-R1
DATE RECEIVED  : MAY 4, 2020
RESPONSE DUE   : JULY 3, 2020
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3380655

RECEIPT - ADMINISTRATIVE REMEDY


DATE: MAY 13, 2020



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : HEON JONG YOO, 27731-078
      FORT WORTH ADMINISTRATIVE FMC    UNT: DAL MED    QTR: Z01-114UAD



THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 1019130-R1
DATE RECEIVED  : MAY 4, 2020
RESPONSE DUE   : JULY 3, 2020
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3380655

To. Central Office Ad-Rem Appeal.

Either due to frequent transfers, or jod gross negligence of the BOP staff, I still have not received the responses from the Central office to the BP-231 (BP-11) forms that I filed regarding these two cases

Remedy ID: 1020613, regarding access to contact lenses

Remedy ID: 1019130 - A1
   Incident Report Number 3380655
   DHO appeal.

It has been ~~been~~ almost half year since I filed these Admin-Rems. Please track them and send me the reply.

Thank you.

2021 01 20    YOU,
              HEON J
              # 27731-078

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JULY 23, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HEON JONG YOO, 27731-078
      FORT WORTH ADMINISTRATIVE FMC      UNT: DAL MED      QTR: F05-135L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 1019130-A1
DATE RECEIVED   : JULY 13, 2020
RESPONSE DUE    : SEPTEMBER 11, 2020
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 3380655

*please make a copy of it bring it back to me.*

BP-A148.055
SEP 98

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

**INMATE REQUEST TO STAFF**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Admin Remedy Coordinator | 2021 0120 |
| FROM: YOO HEON J | REGISTER NO.: 27731-078 |
| WORK ASSIGNMENT: | UNIT: AD-111 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Due to constantly and repetitively moving around, I have lost a lot of my property, some of them being my legal documents. Please bring me the copies of BP-9, BP-10, and BP-11 forms and the responses to those forms that I filed for DHO appeal for the Incident Report Number: 3380055 Remedy ID: 1019130-R1, 1019130-A1 Thank you.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER**     **SECTION 6**

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JULY 23, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HEON JONG YOO, 27731-078
      FORT WORTH ADMINISTRATIVE FMC      UNT: DAL MED      QTR: F05-135L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 1019130-A1
DATE RECEIVED  : JULY 13, 2020
RESPONSE DUE   : SEPTEMBER 11, 2020
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3380655

TRULINCS  27731078 - YOO, HEON JONG - Unit: FTW-H-A

-------------------------------------------------------------------------------------------------

FROM: 27731078
TO: Exec Assist/Admin Remedy Coordinator
SUBJECT: ***Request to Staff*** YOO, HEON, Reg# 27731078, FTW-H-A
DATE: 02/11/2021 07:42:58 PM

To: Admin Remedy Coordinator
Inmate Work Assignment: NA

Because of frequent transportation and relocation, I lost copies of the BP-10 and BP-11 and their responses to the DHO
APPEAL Case Number: 1019130-R1 and 1019130-A1. Please bring them to me asap.



YOO, HEON J
FMC FTW #27731-078
PO BOX 15330
FTW, TX 76119

LEGAL MAIL

US DISTRICT COURT
501 W Tenth St
Rm 310
Fort Worth, Texas 76102

