IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HEON YOO, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-411-O |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Heon Yoo, a federal prisoner who was confined in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth), at the time the petition was filed, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part for lack of subject matter jurisdiction and in part for mootness.

**I. BACKGROUND**

By way of this petition, Petitioner challenges prison conditions and a prison disciplinary proceeding conducted at FMC-Fort Worth stemming from an altercation occurring on February 26, 2020, between him and another inmate, Kamau Israel. Pet. 2, 32, ECF No. 1.[1] Petitioner was charged with the disciplinary violation of fighting with another person and was sanctioned with the disallowance of 27 days' good conduct time, 15 days' disciplinary segregation, and 60 days' loss of commissary and phone privileges. *Id.* at 19–21. He seeks the return of his good conduct time, expungement of the disciplinary violation from his prison record, and an investigation of the incident

---

[1]The petition and supporting memorandum were filed as one document, therefore the pagination in the ECF header is used.

to prevent future such occurrences. *Id.* at 7. Respondent has filed a "Notice of Mootness due to Petitioner's Release from Custody." Resp't's Notice, ECF No. 7.

## II. ISSUES

Under his first ground, Petitioner complains that, in violation of the duty to protect under 18 U.S.C. § 4042 and his rights under the Eighth Amendment, the prison administration shows deliberate indifference to the safety of inmates due to overcrowding, understaffing, and lack of surveillance by staff and failed to protect him from the attack by Israel, thereby putting him and other inmates at risk of serious injury. *Id.* at 11–12. Under his second and third grounds, he complains that he was denied procedural due process during the disciplinary proceedings. *Id.* at 12–15.

## III. DISCUSSION

### A. Conditions of Confinement

Courts have long recognized that habeas-corpus actions are the proper vehicle to challenge a prisoner's fact or duration of confinement. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Conversely, attacks by a federal prisoner regarding conditions of their confinement are properly brought in civil-rights actions under *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics,* 403 U.S. 388 (1971)); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994); *Schipke v. Van Buren,* 239 F. App'x 85, 85–86, 2007 WL 2491065, at *1 (5th Cir. 2007). Therefore, Petitioner's petition under ground one relating to the conditions of confinement at FMC-Fort Worth is not cognizable on habeas review and should be dismissed for lack of subject matter jurisdiction. 42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

**B. Disciplinary Proceedings**

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons,* 220 F. App'x 256, 2007 WL 627580, at *1 (5th Cir. 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke,* 150 F. App'x 329, 2005 WL 2473569, at *2 (5th Cir. 2005) (citation omitted). Petitioner was released from the Bureau of Prisons's custody after serving his federal sentence on May 13, 2021, and gave notice of a change of address in Civil Action No. 4:20-CV-665-P indicating that he is now detained at Prairieland Detention Center, an ICE facility, in Alvarado, Texas. Notice of Address Change, Yoo v. FBI NICS, Civil Action No. 4:20-CV-665-P, ECF No. 22. Accordingly, having fully discharged his federal sentence, the Court can no longer provide Petitioner with the relief requested. Nor does Petitioner allege any adverse consequences that will continue to flow from the disciplinary proceedings. *Bailey,* 821 F.2d at 278. Therefore, Petitioner's petition under grounds two and three relating to the disciplinary proceedings has been rendered moot and should be dismissed for mootness.

**IV. CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** in part for lack of subject matter jurisdiction and in part for

mootness. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd day of July, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**